# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| COMMUNITY DIRECT DX, LLC,<br>　*Plaintiff*, | § § § | |
| *vs.* | § § | CIVIL ACTION NO. 3:24-cv-00105 |
| DIAGNOSTIC CHANNEL PARTNERS LLC,<br>　*Defendant.* | § § § § | |

## PLAINTIFF COMMUNITY DIRECT DX'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF COMMUNITY DIRECT DX, LLC ("CDX" or "Plaintiff"), and files this Original Complaint and alleges as follows:

## I.
## PARTIES

1. Plaintiff CDX is a Texas limited liability company doing business in the State of Texas. Plaintiff's principal place of business is located at 14651 North Dallas Parkway, #506, Dallas, Texas 75254. Plaintiff CDX has three members: Randy Phelps, a citizen of Texas, Steve Sorey, a citizen of Texas, and Alaina Vincent, a citizen of Ohio. All three members reside in their respective states of citizenship at the time of the filing of this Complaint.

2. Defendant Diagnostic Channel Partners ("Diagnostic" or "Defendant") is a limited liability company formed under the laws of the State of New Mexico and is registered to do business in New Mexico, with a principal office at 120 Madeira Drive Northeast #220, Albuquerque, New Mexico, 87108. Diagnostic Channel Partners' sole member, Chris Navarro, resides at 619 12th Street No. 876, Golden, Colorado 80401.

3. Plaintiff CDX and Defendant Diagnostic are collectively referred to in this Complaint as the "Parties."

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Texas and Ohio and a citizen of Colorado.

5. Plaintiff seeks damages and other relief exceeding $75,000.00 exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events of omissions giving rise to the claim occurred in this district.

## III.
## FACTS

7. Plaintiff CDX is a business that provides and distributes diagnostic healthcare services. Defendant Diagnostic is a reseller of diagnostic healthcare products.[1] Defendant Diagnostic and an affiliated entity of CDX, Community Care Partners, LLC, entered an agreement on March 8, 2021. The first agreement, the Compensation Agreement, specified the Defendant was to receive commissions for the sale of products based on the volume of sales which Defendant originated.

8. Diagnostic was duly compensated for all sales according to the first agreement until July of 2021, when Navarro stated that Diagnostic would discontinue efforts due to allegations of underpaid commissions. Subsequently, Navarro began engaging in erratic, offensive, threatening, and unlawful conduct. Due to his violation of the terms of the first agreement, Community Care Partners terminated the agreement with Diagnostic for cause. Navarro then escalated his aggressive

---

[1] Plaintiff refers to both Diagnostic and its sole member, Mr. Christopher Navarro, interchangeably. Each action taken by Mr. Navarro regarding this Complaint was on behalf of Diagnostic Channel Partners.

and threatening rhetoric by launching a campaign of vindictive personal and professional harassment against Community Care Partners.

9. Due to this behavior, Community Care Partners contacted counsel and issued a cease and desist letter dated August 11, 2021. Navarro remained undeterred. He threatened that his specialty is "gorilla [*sic*] warfare" and that he would send "goons" after Community Care Partners, its members, and employees.[2] In August of 2021, Navarro sent an explicit email impersonating Dr. Alaina Vincent, falsely claiming inappropriate behavior by Community Care Partners. Navarro continued to harass Community Care Partners with cryptic, strange, or overtly threatening language. This harassment included, without limitation, threatening to create fake email accounts to create false evidence that Community Care Partners and its members violated legal obligations and threatening to send explicit photographs to employees in an attempt to create false evidence attributing this activity to Community Care Partners. Navarro further inappropriately communicated with employees and clients.

10. In a final and concerted effort to avoid any other and further harassment, Community Care Partners ultimately elected to reengage with Navarro due to his acknowledgement that his previous behavior had been inappropriate, his self-expressed need for income, and Plaintiff's need for additional sales. During this attempt to mend the relationship, Navarro directly admitted to impersonating Dr. Vincent, stating that he had no other option since the Community Care Partners "went legal".

11. In October of 2021, CDX and Defendant made an agreement in an attempt to preserve the relationship and prevent further harassment. Specifically, the Parties agreed to three terms:

---

[2] The members of Community Care Partners are Steve Sorey and Randy Phelps. Alaina Vincent is a member of CDX, and an employee of Community Care Partners.

    a. First, Mr. Navarro was to cease all harassment of CDX and Community Care Partner's members, employees, customers, relatives, suppliers, and other business relations;

    b. Second, the Parties were to sign a new commission agreement, the Sales Agreement,[3] and Mr. Navarro would begin actively marketing and closing sales; and

    c. Third, that Diagnostic Channel Partners would receive commissions that Mr. Navarro claimed were earned. The Second Agreement is referred hereafter to the "Agreement."

12. Mr. Navarro delayed execution of the agreement for one year. He was further informed that CDX would not continue the relationship without a signed commission agreement. On September 15, 2022, after additional specifics were discussed, Plaintiff and Defendant executed into the Sales Agreement under which CDX appointed Diagnostic as one of its agents to distribute various diagnostic healthcare related products.[4]

13. CDX performed its obligations under this Agreement and providing, in the aggregate with the Compensation Agreement, more than $185,000.00 for commissions that Mr. Navarro claimed were owed. However, Diagnostic failed to comply with the terms of the Agreement by engaging in further pervasive personal and professional harassment of Plaintiff and its affiliates. Diagnostic further failed to make a single sale under the new commission agreement.

14. Nonetheless, Navarro repeated his now-familiar pattern of harassing and inappropriate behavior. As a direct result of these actions, CDX informed Navarro that they would

---

[3] The Sales Agreement is attached as **Exhibit 1** to this Complaint.
[4] **Exhibit 1**.

not work with him on any new business. CDX continued to make payments according to the commissions earned by Navarro from existing clients.

15. In October of 2022, Navarro significantly escalated his harassment and threats, utilizing several anonymous email addresses hosted by the service "Proton Mail".[5] As a result of these threats—which included threats to appear at the office—CDX implemented new security measures, including requiring most employees to work from home.

16. In November of 2022, Navarro again escalated his threats and harassment by targeting CDX's clients using various email addresses. In reviewing Navarro's emails, CDX discovered additional threatening behavior, including harassing a doctor who declined Navarro's attempts to sell products using his work email address.

17. These threats continued through December of 2022 and January of 2023, including a Microsoft teams messages sent on Christmas day. Navarro sent emails, texts, and called CDX's employees, customers, and partners.

18. On October 13, 2022, CDX unequivocally terminated all agreements with Diagnostic and demanded the return of commission payments wrongfully kept through Diagnostic's failure to comply with the Agreement.

19. Diagnostic did not comply with Plaintiff's demands to cease the ongoing harassing behavior and asserted that it was owed additional commission payments. After Plaintiff's refusal to pay additional compensation, Diagnostic filed a lawsuit alleging underpayment under the Compensation and Sales Agreements. That case, Case No. 3-23-CV-01492-S, was originally filed in Colorado State Court. Defendant removed to Federal Court and the case was transferred to the Northern District of Texas. Diagnostic's attorney, Mr. Martin Brown, withdrew after filing a set of

---

[5] *See* https://proton.me/mail.

inappropriate and untimely discovery requests on Community and its members. The discovery requests were quashed as untimely. After Diagnostic's repeated failure to hire an attorney, the case was dismissed on December 12, 2023.

## IV.
## CLAIMS FOR RELIEF

**Cause of Action One: Breach of the Agreement**

20. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

21. To prevail on a breach of contract claim, a plaintiff must show: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) plaintiff was damaged by defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (citing *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.)).

22. Plaintiff CDX and Defendant Diagnostic entered a valid and enforceable contract on September 15, 2022, by agreeing to cease harassment, signing the Sales Agreement, and tendering/accepting payment.

23. Plaintiff performed under the Agreement until performance was rendered unnecessary by the Defendant's material breach of the Agreement.

24. Defendant accepted the benefit of the Agreement but failed to perform and engaged in inappropriate and harassing behavior, including violation of the terms of the Sales Agreement.

25. Plaintiff CDX has suffered monetary and non-monetary damages as a result of Defendant's breach of the Agreement.

**Cause of Action Two: In the Alternative to IV, Money Had and Received.**

26. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

27. "The elements of a claim for money had and received are (1) defendant holds money and (2) the money in equity and good conscience belongs to plaintiff." *Tour Strategy LLC v. Star-Telegram, Inc.*, No. 4:18-CV-074-A, 2018 WL 3242280 at *4 (N.D. Tex. July 3, 2018) (citing *Staats v. Miller*, 243 S.W.2d 686, 687-88 (Tex. 1951); *Norhill Energy LLC v. McDaniel*, 517 S.W.3d 910, 917 (Tex. App.—Fort Worth 2017, pet. denied)).

28. Plaintiff paid Defendant, in reliance on the agreement, more than $185,000 in 2021 and 2022. Plaintiff specifically continued payments as consideration for Defendant ceasing harassment of Plaintiff's customers and signing the Sales Agreement. Defendant holds this money that in equity and good conscience belongs to the Plaintiff because Defendant did not cease his harassment of Plaintiff's customers, suppliers, and members.

**Cause of Action Three: In the Alternative to IV, Unjust Enrichment.**

29. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

30. "To recover under unjust enrichment, a claimant must prove: (1) that valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by that person; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing the services was expecting to be paid by the person sought to be charged." *Reveille Trucking, Inc. v. Lear Corporation*, No. 4:14-CV-511, 2017 WL 661521 at *13 (S.D. Tex. Feb. 17, 2017) (citing *Jupiter Enterprises, Inc. v. Harrison*, No. 05-00-01914-CV, 2002 WL 318315, at *3 (Tex. App.—Dallas Mar. 1, 2002, no pet.)).

31. Plaintiff continued to pay Defendant compensation in reliance on Defendant's performance of the Agreement. The payment was received and enjoyed by Defendant under the explicit agreement that Defendant would perform his obligations under the Agreement. Plaintiff failed to perform the obligations.

## V.
## ATTORNEYS' FEES

32. As a result of the improper actions of Defendant as described herein, Plaintiff was required to employ attorneys to investigate and prosecute this action.

33. These acts were directed at Plaintiff, and it seeks individual damages as a result of Defendant's breach of contract or, in the alternative, money had received and unjust enrichment as plead herein. Accordingly, Plaintiff is entitled to recover its reasonable attorneys' fees and costs pursuant to Tex. Civil Practice & Remedies Code § 38.001(8).

34. Plaintiff requests all costs and reasonable and necessary attorneys' fees incurred by or on Plaintiff's behalf and all fees necessary in the event of an appeal of this cause to the 5th Circuit Court of Appeals and Supreme Court of the United States, as the Court deems equitable and just.

## VI.
## CONDITIONS PRECEDENT

35. All conditions precedent to the Plaintiff's recovery on the claims alleged have been performed or have occurred.

## VII.
## REQUEST AND DEMAND FOR JURY TRIAL

36. Plaintiff hereby asserts its right to a jury trial and hereby request and demand a trial by a jury on all claims, causes of action, other issues, and matters to which it is entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court award all monetary and non-monetary damages it is entitled to under the Agreement and the law, award Plaintiff reasonable attorney's fees related to the prosecution of this case, taxable court costs, pre-judgment interest and post-

judgment interest at the highest lawful rate, and all other relief that this Court deems appropriate, and Plaintiff is entitled to under the law.

| | |
|---|---|
| Dated: January 16, 2024. | Respectfully Submitted,<br>**SHIELDS LEGAL GROUP, P.C.**<br><br>By: /s/ *David A. Shields*<br>      David A. Shields<br>      State Bar No. 24083838<br>      Victor D. John<br>      State Bar No. 24120119<br>16400 Dallas Parkway, Suite 300<br>Dallas, Texas 75248<br>972-788-2040   Office<br>972-788-4332   Facsimile<br>E-mail: dshields@shieldslegal.com<br>              vjohn@shieldslegal.com<br><br>***ATTORNEYS FOR PLAINTIFF*** |